UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

ANTONIO ORTIZ-APONTE,

    Petitioner,

    v.

UNITED STATES OF AMERICA,

    Respondent.

Civil No. 14-1109 (JAF)

(Crim. No. 10-251-16 (JAF))

## OPINION AND ORDER

Petitioner, Antonio Ortiz-Aponte, brings this petition under 28 U.S.C. § 2255 for relief from sentencing by a federal court, alleging that the sentence imposed violated his rights under federal law. He requests an order to vacate, set aside, or correct the sentence imposed in Crim. No. 10-251-16. (Docket No. 1.)

### I.

### Background

Petitioner was charged with two drug-related offenses: One count of conspiring to possess with intent to distribute narcotics, and one count for possessing a firearm in relation to a drug-trafficking crime. On November 10, 2010, Petitioner pled guilty on both counts. (Crim. No. 10-251-16, Docket No. 698.) On December 14, 2010, prior to sentencing, but a month after he agreed to plead, Petitioner pled guilty to four state charges for violations of the Puerto Rico Weapons Act. In Commonwealth court, Petitioner was sentenced to one year of incarceration for one charge and three years for two other charges—all to be served consecutively. (Crim. No. 10-251-16, Docket

No. 1142 at 14.) We sentenced Petitioner to 217 months—97 months for count one and a consecutive sentence of 120 months for count two. (Id.) Judgment was entered on February 14, 2011. (Crim. No. 10-251-16, Docket No. 1187.) On November 30, 2012, Petitioner's conviction was affirmed on appeal. United States v. Ortíz-Aponte, Appeal No. 11-1259 (1st Cir. 2012). Petitioner did not request a petition for a writ of certiorari. On February 5, 2014, Petitioner filed a motion for relief under 28 U.S.C. § 2255. (Docket No. 1.) Respondent opposes. (Docket No. 3.) Petitioner replied. (Docket No. 4.)

## II.

## Legal Standard

A federal district court has jurisdiction to entertain a § 2255 petition when the petitioner is in custody under the sentence of a federal court. See 28 U.S.C. § 2255. A federal prisoner may challenge his sentence on the ground that, inter alia, it "was imposed in violation of the Constitution or laws of the United States." Id. A petitioner cannot be granted relief on a claim that has not been raised at trial or direct appeal, unless he can demonstrate both cause and actual prejudice for his procedural default. See United States v. Frady, 456 U.S. 152, 167 (1982). Indeed, "[p]ostconviction relief on collateral review is an extraordinary remedy, available only on a sufficient showing of fundamental unfairness." Singleton v. United States, 26 F.3d 233, 236 (1st Cir. 1994). Claims of ineffective assistance of counsel, however, are exceptions to this rule. See Massaro v. United States, 538 U.S. 500, 123 (2003) (holding that failure to raise ineffective assistance of counsel claim on direct appeal does not bar subsequent § 2255 review).

### III.

### **Discussion**

Because Petitioner appears pro se, we construe his pleadings more favorably than we would those drafted by an attorney. See Erickson v. Pardus, 551 U.S. 89, 94 (2007). Nevertheless, Petitioner's pro-se status does not excuse him from complying with procedural and substantive law. See Dutil v. Murphy, 550 F.3d 154, 158 (1st Cir. 2008).

**A.   Ineffective Assistance of Counsel**

Petitioner claims that his guilty plea was unknowing and involuntary because his counsel was ineffective. He avers that counsel was ineffective for failing to advise him that the mandatory minimum of sixty months for his firearm count could be raised beyond what he agreed to in the plea agreement.

Petitioner raised this argument on direct appeal. The First Circuit rejected this argument, finding that, even if he was not advised of the statutory maximum penalty by the district court, there was no prejudice because: "The court did tell [Petitioner] that, in the absence of his plea agreement, he faced a potential life sentence on the drug charge, and that under the plea agreement, he could face up to 45 years in prison." United States v. Ortíz-Aponte, Appeal No. 11-1259 (1st Cir. 2012)

It is settled law that a petitioner may not revive claims already decided on direct appeal by cloaking them in "ineffective assistance of counsel" garb in a § 2255 petition. See United States v. Doyon, 16 Fed.Appx 6, 9 (1st Cir. 2001) (dismissing claims raised in a § 2255 motion because they were "decided on direct appeal and may not be relitigated under a different label on collateral review"). Petitioner's claim fails.

**B.    Alleyne**

Finally, Petitioner asserts that he is entitled to a reduction in his sentence because the Supreme Court's decision in Alleyne v. United States, ––– U.S. ––– (2013), 133 S.Ct. 2151 (2013), provides a new constitutional rule that should be applied retroactively. Petitioner wrongly contends that, in light of Alleyne, any fact that increases a sentence "above the mandatory minimum" is to be proved beyond a reasonable doubt and, since the sentencing court imposed a sentence higher than he expected based on preponderance of the evidence, he is entitled to withdraw his plea. Petitioner's Alleyne argument is misplaced.

In Apprendi v. New Jersey, 530 U.S. 466 (2000), the Supreme Court held that a fact must be submitted to a jury and found beyond a reasonable doubt if it increases a defendant's statutory mandatory maximum sentence. Alleyne extends this principle to facts that increase a defendant's statutory mandatory minimum sentence. The Supreme Court held, in United States v. Booker, 543 U.S. 220 (2005), that Apprendi was not retroactively applicable. While the Supreme Court has not decided whether Alleyne applies retroactively to cases on collateral review, the United States Court of Appeals for the Seventh Circuit has suggested, without deciding, that because "Alleyne is an extension of Apprendi ... [t]his implies that the Court will not declare Alleyne to be retroactive." Simpson v. United States, 721 F.3d 875, 2013 WL 3455876, at * 1 (7th Cir. July 10, 2013); see also United States v. Stang, 2014 WL 2199371 (10th Cir. May 28, 2014); Rogers v. United States, 2014 WL 1272121 (6th Cir. March 31, 2014); United States v. Harris, 741 F.3d 1245 (11th Cir. 2014). At this time, several district courts have held that Alleyne does not apply retroactively to cases on collateral review. See Lassalle-Velazquez v. United States, 2013 WL 4459044 (D.P.R. Aug. 16, 2013); United States v.

Stanley, 2013 WL 3752126, at *7 (N.D.Okla. July 16, 2013); United States v. Eziolisa, 2013 WL 3812087, at *2 (S.D.Ohio July 22, 2013); Affolter v. United States, 2013 WL 3884176, at *2 (E.D.Mo. July 26, 2013); United States v. Reyes, 2013 WL 4042508, at *19 (E.D.Pa. Aug. 8, 2013). Since neither the Supreme Court nor the First Circuit has held Alleyne to be retroactively applicable, we decline to do so here. As such, Petitioner's claim fails.

**C.   Prosecutorial Misconduct**

Petitioner recasts his appellate claim that the prosecution breached the plea agreement at sentencing when they requested that his federal sentence run consecutively with his local conviction. This issue was also raised and rejected on direct appeal.

The First Circuit held that "[t]he government did not breach the plea agreement by recommending a consecutive sentence" because "the agreement was silent on the question of whether the federal sentence should run consecutively to the commonwealth sentence." United States v. Ortíz-Aponte, Appeal No. 11-1259 (1st Cir. 2012).

It is well settled that a § 2255 motion cannot be employed to relitigate questions which were already adjudicated. The Supreme Court has held that if a claim "was raised and rejected on direct review, the habeas court will not re-adjudicate it absent countervailing equitable considerations." Withrow v. Williams, 507 U.S. 680, 721 (1993); see also Tracey v. United States, 739 F.2d 679, 682 (1st Cir. 1984) ("Issues disposed of on a prior appeal will not be reviewed again by way of a 2255 motion."). Because the First Circuit ruled on this allegation, the Petitioner's claim fails.

### IV.

### Certificate of Appealability

In accordance with Rule 11 of the Rules Governing § 2255 Proceedings, whenever issuing a denial of § 2255 relief we must concurrently determine whether to issue a certificate of appealability ("COA"). We grant a COA only upon "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make this showing, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Miller-El v. Cockrell, 537 U.S. 322, 338 (2003) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)). While Petitioner has not yet requested a COA, we see no way in which a reasonable jurist could find our assessment of his constitutional claims debatable or wrong. Petitioner may request a COA directly from the First Circuit, pursuant to Rule of Appellate Procedure 22.

### V.

### Conclusion

For the foregoing reasons, we hereby **DENY** Petitioner's § 2255 motion (Docket No. 1). Pursuant to Rule 4(b) of the Rules Governing § 2255 Proceedings, summary dismissal is in order because it plainly appears from the record that Petitioner is not entitled to § 2255 relief from this court.

**IT IS SO ORDERED.**

San Juan, Puerto Rico, this 11th day of June, 2014.

                                                                S/José Antonio Fusté
                                                                JOSE ANTONIO FUSTE
                                                                U. S. DISTRICT JUDGE