IN THE UNITED STATES COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| ANTONIO ORTIZ-APONTE<br><br>Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA<br><br>Respondent. | CIV. NO.: 14-1109 (SCC)<br><br>CRIM. NO.: 10-251 (SCC) |

**OPINION AND ORDER**

Pending before the Court is Petitioner Antonio Ortiz-Aponte's ("Petitioner Ortiz-Aponte") *pro se* motion for this Court to reevaluate his petition pursuant to 28 U.S.C. § 2255 at Docket No. 1. *See* Docket No. 27. In the alternative, Petitioner Ortiz-Aponte asks that he be allowed to file a successive § 2255 petition, for it would be in the interest of justice for this Court to allow such a filing. *Id.* To date, the Government has not addressed Petitioner Ortiz-Aponte's

motion. Nevertheless, the Court finds that it can proceed to render its determination regarding the same.

For the reasons set forth below, the Court **DENIES** Petitioner Ortiz-Aponte's motion at Docket No. 27.

## I. Analysis

Petitioner Ortiz-Aponte avers that the Court erred in dismissing his § 2255 petition at Docket No. 1 as untimely. *See* Docket No. 27-1. In doing so, Petitioner Ortiz-Aponte argues that the Court abused its discretion and incurred in a constitutional violation[1] given that his § 2255 petition had

---

[1] Petitioner Ortiz-Aponte cites to the Suspension Clause of the United States Constitution which states that, "[t]he Privilege of the Writ of Habeas Corpus shall not be suspended, unless when in Cases of Rebellion or Invasion the public Safety may require it." U.S. Const. art. I, § 9, cl. 2. The Court notes that the mere mention of an alleged constitutional violation does not automatically entail that pending before the Court is a successive § 2255 petition. The reason being that, "relief from a judgment previously entered in a section 2255 case 'should be treated as a second or successive habeas petition if—and only if—the factual predicate set forth in support of the motion constitutes a direct challenge to the constitutionality of the underlying conviction.'" *See Muñoz v. U.S.*, 331 F.3d 151, 153 (1st Cir. 2003) (quoting *Rodwell v. Pepe*, 324 F.3d 66, 67 (1st Cir. 2003)). Here, Petitioner Ortiz-Aponte's motion at Docket No. 27 does not challenge the constitutionality of his underlying conviction, as such, the Court will not construe the same as a successive § 2255 petition.

ORTIZ-APONTE v. U.S.A. Page 3

been timely filed. *Id.* He now asks that his § 2255 petition at Docket No. 1 "be heard by an impartial and undetached judge." *Id.* at 2. However, Petitioner Ortiz-Aponte fails to specify under what legal basis he has anchored his request for this Court to "reevaluate" his petition at Docket No. 1. Notwithstanding this omission, a review of the record reveals that Petitioner Ortiz-Aponte's request is meritless.[2]

---

[2] This Court could have construed Petitioner Ortiz-Aponte's petition as a Federal Rule of Civil Procedure Rule 60(b) ("Rule 60(b)") motion. The reason being that, a Rule 60(b) motion may be used as a way to "reopen or seek reconsideration of an earlier denial of [a] § 2255 motion under only limited circumstances." *See Lugo-Vélez v. U.S.*, Civil Number 05-01974, 2017 WL 1318446 at *1 (D.P.R. April 10, 2017). One of the "limited circumstances" that would allow for the filing of a Rule 60(b) motion in the habeas context would be "if the factual predicate of the motion challenges only the procurement of the federal habeas judgment[.]" *See Rodwell v. Pepe*, 324 F.3d 66, 71 (1st Cir. 2003). A claim addressing whether a § 2255 petition was—or was not—timely filed could fall under such a scenario. Assuming *arguendo* that Petitioner Ortiz-Aponte's motion at Docket No. 27 were to have been construed as a Rule 60(b) motion, this Court would have still denied the same. As explained, the Court's Opinion did not hold that Petitioner Ortiz-Aponte's § 2255 petition had been untimely filed. *See* Docket No. 5. Petitioner Ortiz-Aponte's argument regarding the Court's Opinion at Docket No. 5 and Judgment at Docket No. 6 is incorrect, for it does not track the procedural and substantive travel of this case.

ORTIZ-APONTE v. U.S.A. Page 4

Petitioner Ortiz-Aponte filed his § 2255 petition on February 5, 2014. *See* Docket No. 1. The Government opposed the same on March 6, 2016. *See* Docket No. 3. And a Reply was filed by Petitioner Ortiz-Aponte on June 2, 2014. *See* Docket No. 4. Shortly thereafter, on June 11, 2014, the Court entered an Opinion and Order ("Opinion") denying Petitioner Ortiz-Aponte's § 2255 petition. *See* Docket No. 5.

In the Opinion, the Court pointed out that two out of the three claims that Petitioner Ortiz-Aponte advanced in his § 2255 petition were previously heard and rejected on direct appeal by the First Circuit. *Id.* at 3, 5. And as to the third claim, which turned on the applicability of the rule announced in the Supreme Court's decision in *Alleyne v. United States*, 570 U.S. 99 (2013) to his case, the Court noted that the same did not apply retroactively. *Id.* at 4-5. Most strikingly, at no point in its Opinion, and subsequent entry of Judgment on June 13, 2014, *see* Docket No. 6, did the Court determine that Petitioner Ortiz-Aponte's § 2255 petition at Docket No. 1 had been untimely filed. *Id.* As such, Petitioner Ortiz-Aponte's

ORTIZ-APONTE v. U.S.A.                                                        Page 5

contention that the Court erred in dismissing his § 2255 petition at Docket No. 1 as untimely misses the mark, for the Court never issued such a ruling in the first place.

Lastly, Petitioner Ortiz-Aponte's request for the Court to allow him to file another § 2255 petition is misdirected. A petitioner looking to file a successive § 2255 petition must first seek "pre-clearance, in the form of a certificate," from the First Circuit authorizing this Court to consider such a petition in accordance with the prior approval provision found in 28 U.S.C. § 2255(h). *See Trenkler v. U.S.*, 536 F.3d 85, 96 (1st Cir. 2008). Meaning that, if Petitioner Ortiz-Aponte intends to file a successive § 2255 petition, he must first seek authorization from the First Circuit to do so, not from this Court.[3]

---

[3] First Circuit Rule 22.1(e) states that if an un-authorized § 2255 petition is filed before a district court, the district court will either transfer the petition to the First Circuit "pursuant to 28 U.S.C. § 1631 or dismiss the petition." However, here, Petitioner Ortiz-Aponte merely asked this Court for permission to file a successive § 2255 petition, he did not go as far as to file an un-authorized § 2255 petition.

Accordingly, Petitioner Ortiz-Aponte's motion at Docket No. 27 is **DENIED.**

IT IS SO ORDERED.

In San Juan, Puerto Rico, this 27th day of April, 2021.

    <u>S/ SILVIA CARREÑO-COLL</u>
    UNITED STATES DISTRICT COURT JUDGE